PROB :2
(Rev :0/93)

# United States District Court
for the
**Eastern District of Pennsylvania**

April 10, 2019

U.S.A. vs. Justin Davis                                   Case No. 2:10CR000722-01

## AMENDED VIOLATION OF SUPERVISED RELEASE

COMES NOW <u>ANGELA SLEDGE</u> U. S. PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of <u>Justin Davis</u> who was placed on <u>supervised release</u> by the Honorable <u>Mary</u> A. <u>McLaughlin</u> sitting in the Court at <u>Philadelphia, PA,</u> on the <u>18th</u> day of <u>May, 2011</u> who fixed the period of supervision at <u>eight years</u>, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

| | |
|---|---|
| ORIGINAL OFFENSE: | Possession with intent to distribute cocaine base (Counts One and Three); possession with intent to distribute controlled substances in or near a school (Counts Two, Four, Seven, Nine, Eleven and Thirteen); conspiracy to distribute cocaine base (Count Five); possession with intent to distribute cocaine base and aiding and abetting (Count Six); possession with intent to distribute five grams or more of cocaine base (Counts Eight and Twelve); possession with intent to distribute cocaine (Count Ten); and possession of a cocaine base (Count Fourteen). |
| ORIGINAL SENTENCE: | The defendant was committed to the U.S. Bureau of Prisons for a total term of 60 months, followed by a total of eight years of supervised release. A special assessment in the amount of $700 was also imposed. |
| SPECIAL CONDITIONS: | 1) The defendant shall refrain from the use of alcohol as well as the illegal possession and/or use of drugs.  The defendant shall submit to testing to ensure compliance.  It is further ordered that the defendant shall submit to evaluation and treatment as approved by the Court after receiving a recommendation by the U.S. Probation Office.  The defendant shall abide by the rules of any program and remain in treatment until satisfactorily discharged with the approval of the Court; 2) The defendant shall participate in a mental health program for evaluation and/or treatment as approved by the Court after receiving a recommendation by the U.S. Probation Office.  The defendant shall remain in treatment until satisfactorily discharged with the approval of the Court; 3) The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the |

probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income; 4) The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with any payment schedule for any fine obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of his fine obligation or otherwise has the express approval of the Court; and 5). The defendant shall pay a fine in the amount of $1,000, which is payable in monthly installments of not less than $50 per month, to commence 30 days after release from confinement.

| | |
|---|---|
| JUDICIAL RE-ASSIGNMENT: | On December 7, 2015, this case was re-assigned to the Honorable Gerald A. McHugh |
| MODIFIATION OF CONDITIONS: | On December 18, 2015, the Court modified the offender's supervision to include a 60 day placement at the RRC. |
| VIOLATION HEARING: | On April 1, 2016, the offender was found in violation of the conditions of his release and his supervision was revoked. The offender was remanded to the custody of the U.S. Bureau of Prisons for a period of 18 months, followed by a four year term of supervised release. |
| MODIFICATIONS OF CONDITIONS: | On October 23, 2018, the Court modified the offender's supervision to re-impose the original conditions of his supervised release. |
| VIOLATION HEARING: | On January 7, 2019, the offender appeared before the Court for a violation hearing. The offender conceded his guilt in violations as charged and sentencing was postponed for 45 days. |
| DATE SUPERVISON RE-COMMENCED: | March 2, 2018 |
| DATE SUPERVISON TERMINATE: | March 1, 2022 |

The above probation officer has reason to believe that the supervised releasee has violated the terms and conditions of their supervision under such circumstances as may warrant revocation. These conditions are:

D.  General Condition: The defendant shall not commit another federal, state, or local crime.

On March 13, 2019, the offender was arrested by the Chester Township Police Department and was charged with conspiracy-intentional possession of a controlled

RE: Davis, Justin
Case No. 2:10CR000722-01

substance by a person not regulated; intentional possession of a controlled substance by a person not regulated; conspiracy-possession of marijuana; possession of marijuana and; use/possession of drug paraphernalia (MJ-32239-CR-0000112-2019). According to the criminal complaint, the offender was subjected to a traffic stop at 6th and Vista Streets in Delaware County. Mr. Davis was driving a black Infinity with tint on the front windshield and was subsequently pulled over. The arresting officer alleges that there was a strong order of marijuana emanating from the vehicle as he approached. When questioned about the odor, the offender advised that he smoked marijuana in his vehicle on the day prior to the stop. The vehicle was subsequently searched and a clear plastic bag with a "green veggie matter" was recovered from the passenger side of the vehicle. Mr. Davis is alleged to have claimed ownership of the recovered substance. Both parties were taken into custody. Bail was set at 10% of $25,000. The next court action for this matter is April 24, 2019.

**GRADE OF VIOLATION** <u>C</u>

E. <u>Standard Condition #7</u>: The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

On February 27, 2019, and March 5, 2019, the offender submitted urine samples that tested positive for the presence of marijuana.

**GRADE OF VIOLATION** <u>C</u>

E. <u>Standard Condition #9</u>: The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

As noted above, the passenger of the vehicle was Amir Westbrook. A criminal record search was conducted on Mr. Westbrook and revealed that he pled guilty to felonious drug charges in February 2016. Mr. Davis did not seek nor was given permission to associate with a convicted felon.

**GRADE OF VIOLATION** <u>C</u>

RE: Davis, Justin
Case No. 2:10CR000722-01

PRAYING THAT THE COURT WILL ORDER.. THAT THIS PETITION BE MADE AN ADDENDUM TO THE VIOLATION PETITION SIGNED BY THE COURT ON DECEMBER 19, 2018, AND THE ISSUANCE OF A WARRANT LODGE AS A DETAINER DIRECTING THE NAMED SUPERVISED RELEASEE BE BROUGHT BEFORE THE COURT FOR A REVOCATION HEARING.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully,

*[signature]*

Fred D. Crawford
Supervising U.S. Probation Officer

Philadelphia, PA
Date April 10, 2019

AMS

cc: Assistant U.S. Attorney
    Defense Attorney
    U.S. Marshal's - Warrant Squad

ORDER OF THE COURT
Considered and ordered this __11TH__ day of __April__, 2019 and ordered filed and made part of the records in the above case.

*[signature]*
Gerald A. McHugh
United States District Court Judge

cc. Angela Sledge, USPO (2)

PROB 12
(Rev. 10/93)

# United States District Court

for the

### Eastern District of Pennsylvania



December 17, 2018

U.S.A. vs. Justin Davis                               Case No. 2:10CR00722-1

## VIOLATION OF SUPERVISED RELEASE

    COMES NOW ANGELA SLEDGE U. S. PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Justin Davis who was placed on supervised release by the Honorable Gerald A. McHugh sitting in the Court at Philadelphia, PA, on the 18th day of May, 2011 who fixed the period of supervision at eight years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

| | |
|---|---|
| ORIGINAL OFFENSE: | Possession with intent to distribute cocaine base (Counts One and Three); possession with intent to distribute controlled substances in or near a school (Counts Two, Four, Seven, Nine, Eleven and Thirteen); conspiracy to distribute cocaine base (Count Five); possession with intent to distribute cocaine base and aiding and abetting (Count Six); possession with intent to distribute five grams or more of cocaine base (Counts Eight and Twelve); possession with intent to distribute cocaine (Count Ten); and possession of a cocaine base (Count Fourteen). |
| ORIGINAL SENTENCE: | The defendant was committed to the U.S. Bureau of Prisons for a total term of 60 months, followed by a total of eight years of supervised release. A special assessment in the amount of $700 was also imposed. |
| SPECIAL CONDITIONS: | 1) The defendant shall refrain from the use of alcohol as well as the illegal possession and/or use of drugs. The defendant shall submit to testing to ensure compliance. It is further ordered that the defendant shall submit to evaluation and treatment as approved by the Court after receiving a recommendation by the U.S. Probation Office. The defendant shall abide by the rules of any program and remain in treatment until satisfactorily discharged with the approval of the Court; 2) The defendant shall participate in a mental health program for evaluation and/or treatment as approved by the Court after receiving a recommendation by the U.S. Probation Office. The defendant shall remain in treatment until satisfactorily discharged with the approval of the Court; 3) The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. |

RE: **Davis**, Justin
**Case No.** 2:10CR00722-1

        Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income; 4) The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with any payment schedule for any fine obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of his fine obligation or otherwise has the express approval of the Court; and 5) The defendant shall pay fine in the amount of $1,000, which is payable in monthly installments of not less than $50 per month, to commence 30 days after release from confinement.

**MODIFICATION OF CONDITIONS:** On July 17, 2015, the Court modified the offender's supervision to include a 60 day placement at the Residential Re-entry Center (RRC).

**JUDICIAL RE-ASSIGNMENT:** On December 7, 2015, this case was re-assigned to the Honorable Gerald A. McHugh.

**MODIFICATION OF CONDITIONS** On December 18, 2015, the Court modified the offender's supervision to include a 60 day placement at the RRC.

**VIOLATION HEARING:** On April 1, 2016, the offender was found in violation of the conditions of his release and his supervision was revoked. The offender was remanded to the custody of the U.S. Bureau of Prisons for a period of 18 months, followed by a four year term of supervised release.

**DATE SUPERVISION RE-COMMENCED:** March 2, 2018

**DATE SUPERVISON TERMINATE:** March 1, 2022

The above probation officer has reason to believe that the supervised releasee has violated the terms and conditions of their supervision under such circumstances as may warrant revocation. This condition is:

A.    Standard Condition #7:    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

       Mr. Davis submitted urine specimens that tested positive for the following illegal substances:

RE: Davis, Justin
Case No. 2:10CR00722-1

| **DATE SPECIMEN SUBMITTED DETECTED** | **SUBSTANCE** |
|---|---|
| March 22, 2018 | Opiates |
| March 27, 2018 | Opiates |
| July 11, 2018 | Opiates |
| July 17, 2018 | Opiates, Marijuana & Oxycodone |
| October 25, 2018 | Marijuana |
| November 7, 2018 | Marijuana |
| November 14, 2018 | Marijuana |
| November 29, 2018 | Marijuana |
| December 6, 2018 | Marijuana |

**GRADE OF VIOLATION** <u>**C**</u>

B. <u>Special Conditions:</u> The defendant shall refrain from the use of alcohol as well as the illegal possession and/or use of drugs. The defendant shall submit to testing to ensure compliance. It is further ordered that the defendant shall submit to evaluation and treatment as approved by the Court after receiving a recommendation by the U.S. Probation Office. The defendant shall abide by the rules of any such program and remain in treatment until satisfactorily discharged with the approval of the Court.

In August 2018, the offender enrolled in outpatient treatment at Al-Assist. Mr. Davis admittedly reported to treatment approximately two times before he ceased to report as directed and was subsequently discharged.

**GRADE OF VIOLATION** <u>**C**</u>

C. <u>Special Conditions:</u> The defendant shall pay a fine in the amount of $1,000, which is payable in monthly installments of not less than $50 per month, to commence 30 days after release from confinement.

Since his release, the offender has only paid $130.00 towards his outstanding fine leaving an unpaid balance of $770.00, as a result, he is currently in default.

**GRADE OF VIOLATION** <u>**C**</u>

RE: Davis, Justin
Case No. 2:10CR00722-1

| | |
|---|---|
| PRAYING THAT THE COURT WILL ORDER... | **THE ISSUANCE OF A SUMMONS DIRECTING THE NAMED SUPERVISED RELEASEE TO APPEAR AT A PROBATION REVOCATION HEARING.** |

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully,

*[signature]*

Fred D. Crawford
Supervising U.S. Probation Officer

Philadelphia, PA
Date December 17, 2018

cc: Assistant U.S. Attorney
    Defense Attorney
    Defendant

ORDER OF THE COURT
Considered and ordered this __19TH__ day of __Dec__, 20__18__ and ordered filed and made part of the records in the above case.

*[signature]*
U.S. District Court Judge

C.C. Angela Sledse, USPO (2)